UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PUBLIC CITIZEN,<br>    1600 20th Street NW<br>    Washington, DC 20009,<br><br>        Plaintiff,<br><br>        v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br>    9000 Rockville Pike<br>    Bethesda, MD 20892,<br><br>and<br><br>DEPARTMENT OF HEALTH & HUMAN SERVICES,<br>    200 Independence Avenue SW<br>    Washington, DC 20201,<br><br>        Defendants. | Civil Action No. 20-2949 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the National Institutes of Health (NIH) and the Department of Health and Human Services (HHS) to produce records responsive to two FOIA requests related to the COVID-19 pandemic.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Public Citizen is a non-profit public-interest organization with members in all 50 states. Since its founding in 1971, Public Citizen has worked before Congress, regulatory

agencies, and the courts to advance the interests of its members and to educate the public on a wide range of consumer protection issues, including improving access to affordable medicines. Public Citizen submitted the two FOIA requests at issue in this case.

4. Defendants HHS and NIH, which is a part of HHS, are agencies for the purposes of FOIA. NIH and HHS have possession of and control over the records that Public Citizen seeks.

## STATEMENT OF FACTS

**ACTIV FOIA Request**

5. On May 11, 2020, Public Citizen sent a FOIA request to NIH (hereafter ACTIV FOIA Request).

6. The ACTIV FOIA Request contained two parts, only the first of which is at issue here. That part of the request sought "[a]ny and all records that mention, refer to or describe how participants in the Accelerating COVID-19 Therapeutic Interventions and Vaccines [ACTIV] partnership will share infrastructure, subject matter expertise, funding, data, compounds or intellectual property."

7. In its request, Public Citizen sought a full waiver of fees and explained in support that disclosure of the requested information would be in the public interest and not for commercial use. Public Citizen also requested expedited processing pursuant to 45 C.F.R. § 5.27.

8. NIH acknowledged receipt of the request and assigned it No. 54233.

9. On June 5, 2020, NIH made a final determination regarding the ACTIV FOIA Request. NIH stated in its response that it was withholding records responsive to the first part of the request under FOIA exemption 5, 5 U.S.C. § 552(b)(5), and section 5.31(e) of the HHS FOIA Regulations, 45 C.F.R. Part 5. NIH did not address Public Citizen's fee waiver request in its response.

10. On July 2, 2020, Public Citizen appealed NIH's denial of its ACTIV FOIA Request.

11. On July 8, 2020, HHS acknowledged receipt of Public Citizen's ACTIV FOIA Request appeal and assigned it case number 2020-00242-A-PHS.

12. More than 20 working days have passed since HHS received Public Citizen's appeal. HHS has not decided the appeal or otherwise responded to Public Citizen's inquiries as to the status of the request.

13. Public Citizen has exhausted all administrative remedies with respect to the ACTIV FOIA request.

**Operation Warp Speed Request**

14. On May 21, 2020, Public Citizen sent a FOIA request to HHS requesting records related to Operation Warp Speed (hereafter Operation Warp Speed Request). Specifically, the request sought "[a]ny and all records that mention, refer to, or describe how participants in 'Operation Warp Speed' will share infrastructure, subject matter expertise, funding, data, compounds or intellectual property" and "[a]ny and all records that mention, refer to, or describe how 'Operation Warp Speed' will ensure treatment and/or vaccine access or affordability."

15. The request sought expedited processing pursuant to 45 C.F.R. § 5.27 and a full waiver of fees on the basis that disclosure of the requested information would be in the public interest and not for commercial use.

16. On July 15, 2020, HHS granted the request for expedited processing of the Operation Warp Speed Request and assigned it No. 2020-01245-FOIA-OS.

17. On July 16, 2020, HHS sent a letter to Public Citizen seeking clarification regarding the subject matter of the request and stating that the request was too broad.

18. On July 22, 2020, Public Citizen responded to HHS and narrowed the scope of the request. As narrowed, the request seeks copies of "contracts and records of related discussions between HHS and nongovernmental participants in Operation Warp Speed related to therapeutics and vaccines for Covid-19, including but not limited to those between HHS and AstraZeneca, Emergent Biosolutions, Johnson & Johnson, Merck, Moderna, Novavax, Pfizer and Regeneron," and "documents setting forth HHS policy, positions, and costing models specifically with respect to Operation Warp Speed, including but not limited to issues related to manufacturing capacity, pricing, and award determinations."

19. More than 20 working days have passed since HHS received Public Citizen's Operation Warp Speed request, and HHS has not made a determination on the substance of the FOIA request, produced any records in response to the request, or made a decision on the fee waiver request.

20. Public Citizen has exhausted all administrative remedies with respect to the Operation Warp Speed Request.

## FIRST CAUSE OF ACTION

21. Public Citizen has a right under FOIA to the records it requested in the ACTIV FOIA Request and to a fee waiver.

22. There is no legal basis for HHS's and NIH's failure to produce the responsive records.

## SECOND CAUSE OF ACTION

23. Public Citizen has a right under FOIA to the records it requested in the Operation Warp Speed Request and to a fee waiver.

24. There is no legal basis for HHS's failure to produce the responsive records.

## PRAYER FOR RELIEF

WHEREFORE, Public Citizen requests that this Court:

(1) Declare that defendants' withholdings of the requested records are unlawful;

(2) Order defendants to make the requested records available to Public Citizen at no cost and without delay;

(3) Award plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as this Court may deem just and proper.

Dated: October 15, 2020　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Adina H. Rosenbaum
　　　　　　　　　　　　　　　　　　　　Adina H. Rosenbaum
　　　　　　　　　　　　　　　　　　　　(D.C. Bar. No. 490928)
　　　　　　　　　　　　　　　　　　　　Oluwadamilola Edirin Obaro
　　　　　　　　　　　　　　　　　　　　(N.Y. Bar No. 5558275)*
　　　　　　　　　　　　　　　　　　　　Public Citizen Litigation Group
　　　　　　　　　　　　　　　　　　　　1600 20th Street NW
　　　　　　　　　　　　　　　　　　　　Washington, DC 20009
　　　　　　　　　　　　　　　　　　　　(202) 588-1000

* Active member in good standing of the State Bar of New York, authorized to practice under the direct supervision of Adina H. Rosenbaum pursuant to D.C. Court of Appeals Rule 49(c)(8) during the pendency of first application to the District of Columbia Bar submitted within 90 days of commencing practice in the District of Columbia.